Daniel, Judge,
 

 after stating the case, proceeded : — The defendants might and ought to have demurred to the bill. The plaintiff, although he obtained a judgment at law for part only of his demand against Charles Banner, never, as we can discover, took out any execution to obtain satisfaction at law, even for that portion of it which he had reduced to a judgment. The plaintiff should have obtained a judgment at law for his entire demand, and then issued an execution on the same. Because, until execution, the plaintiff has no
 
 lien
 
 on the property as to which he asks the aid of this Court for a discovery and satisfaction. In
 
 Angel
 
 v.
 
 Draper,
 
 1 Vern. 399, the defendant had come to the possession of the goods of the debtor in a fraudulent manner, but notwithstanding, upon the defendant’s demurring because the plaintiff (a judgment creditor) had not alleged that he had taken out execution, the Court allowed the demurrer, and said that the plaintiff ought actually to have sued out execution before he brought his bill. To the same point is
 
 Shirley
 
 v.
 
 Watts,
 
 3 Atk. 200. The plaintiff should show that he had sued out the writ, the execution of which is sought to be avoided, or the defendant may demur. 1 Mad. Ch. Prac. 205. Whether it is necessary to show a return of
 
 nulla bona,
 
 it is not now necessary to inquire, as no writ of execution ever issued on the plaintiff’s judgment.
 
 *
 

 The defendants did not demur. They have answered and denied the allegations in the bill, and the parties have gone to proofs. We have examined the testimony, and the plaintiff has, in our opinion, failed in proving that the two sons of Charles Banner have any money or property of their father, which ought to be subjected to the satisfaction of his demand. We think the bill must be dismissed; but the defendants are entitled to recover costs only as in case of a demurrer sustained, viz. one attorney’s fee.
 

 There is another matter controverted between the parties in relation to which the Court makes no decree. The
 
 *610
 
 bill alleges that the defendant Constantine has brought an-action at law to recover from the plaintiff the value of a mare, which the plaintiff claims by conveyance from th& defendant Charles. The Court leaves that matter to be-settled between the parties in the suit at law, if the same be yet pending.
 

 Pee Curiam. Bill dismissed.
 

 *
 

 Vide Harrison
 
 v.
 
 Battle,
 
 1 Dev. Eq. Rep, 537. (Reporters.)